IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEWMAN'S OWN ORGANICS – THE SECOND GENERATION,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD FINGERMAN,<br><br>    Defendant and Third Party Plaintiff,<br><br>    v.<br><br>GERALD LITWIN,<br><br>    Third Party Defendant | CIVIL ACTION<br>NO. 14-3205 |

<u>**MEMORANDUM OPINION**</u>

**Schmehl, J.**                                                                                         **December 11, 2014**

Before the Court is the Motion to Dismiss Pursuant to Fed.R.Civ. P. 12(b)(2) and 12(b)(6), or in the Alternative, for a More Definite Statement Pursuant to Fed.R.Civ.P. 12(e) filed by Third Party Defendant Gerald Litwin ("Litwin") (Docket No. 6). Donald Fingerman, Defendant and Third Party Plaintiff ("Fingerman"), has opposed the motion, and Litwin has filed a reply. Having read the parties' briefing, I will grant Litwin's Motion to Dismiss due to lack of personal jurisdiction. Accordingly, Litwin is dismissed from this action.

I.     <u>**BACKGROUND**</u>

On February 20, 2014, Plaintiff filed the Complaint in this matter against Defendant Donald Fingerman in the Court of Common Pleas of Lehigh County,

alleging breach of contract with respect to several promissory notes and a personal guarantee. (Docket No. 1). On April 30, 2014, a complaint to join Litwin as an additional defendant was filed by Fingerman in the Court of Common Pleas, alleging that Litwin was liable to Fingerman or liable over to Plaintiff for the promissory notes, which Litwin had advised Fingerman to sign. (Id.) On June 5, 2014, Litwin removed this matter to federal court, then filed this Motion to Dismiss on July 7, 2014.

Plaintiff is a California corporation engaged in the business of selling and distributing organic human and pet food. (Compl., ¶ 1.) Fingerman and Litwin were two of the officers, shareholders and directors of Chenango Valley Pet Foods, Inc., a New York corporation that packages and distributes pet food. (Compl. to Join Add'l Def., ¶¶ 3, 5.) The Complaint alleges that on September 19, 2011, Fingerman, on behalf of Chenango Valley, executed and delivered three Promissory Notes to Plaintiff that totaled a principal amount of $1,522,000. (Compl., ¶ 5.) Fingerman also executed a Personal Guaranty for the current and future obligations of Chenango Valley to Plaintiff. (Compl., ¶ 6.) In return, Plaintiff advanced $803,098.00 to Chenango Valley. (Compl., ¶ 7.) Litwin, an attorney, reviewed the promissory notes and guarantee for Fingerman and advised Fingerman to sign the documents. (Compl. to Join Add'l Def., ¶¶ 8-9.)

Plaintiff claims that Fingerman has defaulted on the Notes and Guarantee by failing to make payments to Plaintiff, resulting in an amount due and owing to Plaintiff from Fingerman of $2,325,098.00. (Compl., ¶ 10-11.)

II. **DISCUSSION**

Litwin filed the instant Motion to Dismiss, alleging that, as a New Jersey resident,

he does not have sufficient minimum contacts with Pennsylvania to allow him to be sued in this Court. For the reasons set forth below, I agree that Litwin lacks sufficient minimum contacts with Pennsylvania that he could anticipate being sued in this venue. Accordingly, I grant Litwin's Motion and dismiss him from this matter.

### A. Jurisdiction

Rule 4(e) of the Federal Rules of Civil Procedure grants district courts personal jurisdiction over non-resident defendants to the extent permitted by the law of the state in which the district court sits. See Fed. R. Civ. P. 4(e). In Pennsylvania, the applicable long-arm statute authorizes personal jurisdiction over non-resident defendants to be exercised to the "fullest extent allowed under the Constitution of the United States." 42 Pa. C.S.A. § 5322(b). A district court has personal jurisdiction over a non-resident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Although a third-party defendant has the initial burden of raising the defense of lack of personal jurisdiction, once such a defense is raised, the burden shifts to the third-party plaintiff to demonstrate facts that suffice to support an exercise of personal jurisdiction. Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 602 (E.D. Pa. 2010), citing Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n., 819 F.2d 434, 437 (3d Cir.1987); Cumberland Truck Equip. Co. v. Detroit Diesel Corp., 401 F.Supp.2d 415, 418 (E.D.Pa.2005). A third-party plaintiff may meet this burden through affidavits or other competent evidence that show sufficient contacts with the forum state to establish personal jurisdiction. De Lage Landen Fin. Servs., Inc. v. Rasa Floors, LP, No. 08–0533, 2008 WL 4822033 (E.D.Pa. Nov. 4, 2008).

There are two types of personal jurisdiction: general and specific. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). General jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588 (3d Cir. 1982). In order for a district court to have specific jurisdiction over a defendant, the defendant's contacts with the forum state must be such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In order for a district court to properly exercise specific jurisdiction, the plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Second, the court must determine whether the exercise of jurisdiction "would comport with 'traditional notions of fair play and substantial justice.' " See Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150–51 (3d Cir. 1996) (citing International Shoe Co. v. Washington, 326 U.S. 310 (1945)). To satisfy the first prong of the test and show sufficient minimum contacts with the forum state, Plaintiff must show that Defendants have "purposefully directed [their] activities" at the forum. See Burger King, 471 U.S. at 472.

**1. Fingerman's Failure to Provide Competent Evidence**

As discussed above, once Litwin raised the defense of lack of personal jurisdiction, the burden then shifted to Fingerman to demonstrate facts to support an exercise of personal jurisdiction over Litwin. See Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d at 602. Fingerman may meet this burden through affidavits or other competent

evidence that show sufficient contacts with the forum state to establish personal jurisdiction.

In the instant matter, Fingerman has failed to present the court with an affidavit or other competent evidence that sets forth details as to Litwin's contacts with Pennsylvania. The only evidence presented in this matter is an affidavit from Litwin, not Fingerman. Fingerman has provided this court with absolutely no evidence to prove that Litwin had sufficient contacts with Pennsylvania so as to establish personal jurisdiction over Litwin. Fingerman's brief in opposition to Litwin's Motion to Dismiss contains statements and assertions by Fingerman's counsel as to Litwin's contacts with this forum, but these representations are insufficient to meet Fingerman's burden to establish that Litwin had sufficient contacts with Pennsylvania that make it appropriate for him to be sued in this venue. Accordingly, I find Fingerman has failed to meet his burden in this matter and will grant Litwin's motion to dismiss. Therefore, Litwin is dismissed from this action.

2. **Jurisdictional Analysis**

Even if the representations contained in Fingerman's opposition to Litwin's motion to dismiss were proper, I find that Fingerman still cannot meet his burden of proving that Pennsylvania has personal jurisdiction over Litwin.

a. **General Jurisdiction**

As stated above, general jurisdiction requires the defendant to have maintained "continuous and systematic" contacts with the forum state. Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588 (3d Cir. 1982). Proof of such contact requires a showing of "extensive and pervasive" activity in the

forum state. Id. The defendant's contacts need not be related to the cause of action being litigated. McMullen v. European Adoption Consultants, Inc., 109 F.Supp.2d 417, 418 (W.D.Pa.2000).

When claiming personal jurisdiction over Litwin, Fingerman argues that "Litwin has a long history of interaction with this forum and Fingerman in particular…Litwin and Fingerman were in business together, and routinely did business together over a period of decades, including at or near Fingerman's home in this district." (Fingerman's Memo in Opposition to Mtn to Dismiss, p. 5.) Fingerman further alleges that Litwin has "purposefully directed" his activities at a resident of Pennsylvania "with respect to the contracts specifically at issue in this litigation." (Id.) Lastly, Fingerman claims that Fingerman was located in Pennsylvania when Litwin directed him to sign the contracts at issue, and that the contracts are located in Pennsylvania and Litwin's wrongful conduct of instructing Fingerman to sign them was directed at Litwin in Pennsylvania. (Id. at 5-6.)

In response, Litwin submitted an affidavit that alleges as follows: Litwin is an attorney in New Jersey and New York and resides in New Jersey. (Litwin Aff., ¶¶ 1-2.) Litwin owns no real or personal property in Pennsylvania.(Id. ¶ 2.)  Litwin is a personal friend of Fingerman and over the past 20 years, he believes that he has visited Fingerman's residence in Pennsylvania once or twice and visited Fingerman's office 15 to 20 times on an irregular basis. (Id. ¶ 4.) Litwin and Fingerman, along with others not included in this action, own stock in Chenango Valley Pet Foods, Inc., a New York corporation whose plant and principal office is located in Sherburne, New York. (Id. ¶¶ 3, 5.) Occasionally, Fingerman and Litwin would meet in Scranton, Pennsylvania, leave a

car there, and travel together to Sherburne, New York. (Id. ¶ 5.) When Litwin and Fingerman discussed business matter, it was primarily by telephone. (Id.)

Clearly, Litwin's two visits to Fingerman's Pennsylvania home, twenty visits to Fingerman's Pennsylvania office and occasional car pools from Scranton, Pennsylvania over the last twenty years do not equate to "continuous and substantial" contacts with Pennsylvania so as to satisfy the standard for general jurisdiction over Litwin. If jurisdiction exists in this district over Litwin, it would be specific and not general jurisdiction.

### b. Specific Jurisdiction

As discussed above, specific jurisdiction exists only when the third party plaintiff can show that the third party defendant has constitutionally sufficient "minimum contacts" with the forum, see Burger King Corp., 471 U.S. at 474, and the exercise of jurisdiction "would comport with 'traditional notions of fair play and substantial justice.'" See Vetrotex Certainteed Corp., 75 F.3d at 150–51.

Fingerman cannot establish that Litwin has sufficient contacts with Pennsylvania to exercise personal jurisdiction over him. The third party complaint brought by Fingerman against Litwin states that Litwin advised Fingerman to sign the promissory notes and personal guarantee and that Fingerman did so upon Litwin's advice as his counsel. (Third-Party Compl., ¶¶ 9-10.) The Third Party Complaint does not plead that Litwin placed telephone calls to Fingerman in Pennsylvania, that Litwin provided legal advice to Fingerman in Pennsylvania, or that Litwin provided legal advice to Fingerman via telephone while Fingerman was in Pennsylvania. Further, Litwin provided an affidavit that clearly states his contact with Fingerman in Pennsylvania was irregular and

infrequent. Accordingly, in light of Litwin's lack of contacts with the forum state, Fingerman has failed to satisfy his burden of setting forth a prima facie case that Litwin intentionally directed his activities at Pennsylvania. As I have found that Litwin did not have minimum contacts with Pennsylvania, it is unnecessary for me to conduct any further analysis to determine whether this court has specific jurisdiction over Litwin. For the reasons discussed above, I find that this court lacks specific jurisdiction over Litwin and he is dismissed from this matter.

### III.   CONCLUSION

For the foregoing reasons, Third Party Defendant's Motion to Dismiss is granted, and Third Party Defendant, Gerald H. Litwin, is dismissed from this matter.